# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FOUNDATION RESERVE INSURANCE COMPANY,
a New Mexico Corporation,

        Plaintiff,

v.                                     Civ. No. 02-329  JP/WWD

LORETTA A. BARNES,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

On March 22, 2002, Plaintiff filed a Complaint for Declaratory Relief (Doc. No. 1).  In the complaint Plaintiff requested a judicial declaration that only New Mexico law applied to an insurance policy that Plaintiff had issued to a New Mexico resident (the Insured), which covered a vehicle registered in New Mexico.  Pl.'s Compl. at 4.

An automobile accident involving the covered vehicle precipitated Plaintiff's request for declaratory relief.  Sometime after Plaintiff had issued the insurance policy, the Insured loaned his automobile to Defendant, then a resident of Colorado.  Defendant, a permissive driver who was covered by the policy, was driving the car in Durango, Colorado when a careless driver collided with Defendant, causing Defendant serious injury.  Defendant then filed claims with Plaintiff under the Insured's policy.  To avoid liability for personal injury protection benefits, which Colorado law requires all insurance policies to provide, Plaintiff sought a declaratory judgment from this Court stating that only New Mexico law applies to the policy.  Under Colorado law, personal injury protection benefits allow an injured person to recover all medical expenses and lost wages

that result from an automobile accident if that person is without fault. *Ranger v. Fortune Ins. Co.*, 881 P.2d 394, 395-96 (Colo. Ct. App. 1994).

In response to Plaintiff's complaint Defendant filed a Motion to Dismiss (Doc. No. 7). Defendant argued that under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and its progeny, Plaintiff's complaint lacked sufficient allegations of contacts between Defendant and New Mexico to support in personam jurisdiction over Defendant. On July 9, 2002, I held a hearing on Defendant's motion at which attorney Richard J. Shane represented Plaintiff and Earl R. Mettler represented Defendant. At the end of the hearing I deferred ruling on Defendant's motion until the parties submitted additional facts and law addressing Defendant's contacts with New Mexico.

On July 16, 2002, I received letter briefs from both parties. Plaintiff included an affidavit from a claims representative employed by Plaintiff describing Defendant's contacts with New Mexico. Paragraph seven of the affidavit asserts the following facts:

On July 15, 2002, the Insured informed me of the following factual information:

(a) At the time of Defendant's motor vehicle accident of January 24, 2002, and which accident is the subject of this lawsuit, Defendant was the Insured's girlfriend.

(b) On March 1, 2002, Defendant and the Insured were married.

(c) Following their marriage, Defendant and Insured lived in Bloomfield, New Mexico.

(d) Presently, the Insured and Defendant have separated.

(e) In June 2002, Defendant obtained a New Mexico driver's license.

(f) On the application required to be submitted to obtain a New Mexico driver's license, Defendant listed her residence as: 28 Rd. 5224, Bloomfield New Mexico 87413.

(g)      Further, at some time, Defendant had a motor vehicle registered in the State of New Mexico.

Affidavit of Irene Magallanez, July 16, 2002. In addition, Plaintiff provided copies of Defendant's insurance claim forms dated June 4 & 11, 2002, both of which confirm Defendant's place of residence in Bloomfield, New Mexico.

The facts submitted by Plaintiff far exceed what is required to establish minimum contacts between Defendant and New Mexico under *International Shoe*. Indeed, under Plaintiff's facts Defendant became a resident of New Mexico after she married Plaintiff's insured on March 1, 2002. A fair reading of Plaintiff's facts shows that Defendant has manifested an intention to remain in New Mexico indefinitely, because Defendant has obtained a New Mexico driver's license and has registered her car here. From the insurance claim forms Defendant submitted to Plaintiff in June 2002, I note that Defendant remains in New Mexico despite the fact that she and the Insured have separated since their marriage on March 1, 2002. From the totality of the facts asserted by Plaintiff I conclude that Defendant is no longer a citizen of Colorado, as alleged in Plaintiff's complaint, but rather became a domiciliary of New Mexico as of March 1, 2002, the date of her marriage. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile.").

Federal "[j]urisdiction turns on the facts existing at the time the suit commenced." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 459 (1980); *Crowley*, 710 F.2d at 677. Plaintiff filed the Complaint for Declaratory Relief on March 22, 2002, when New Mexico was Defendant's domicile. Because both Plaintiff and Defendant were citizens of New Mexico on the day

Plaintiff's complaint was filed, this Court is without subject matter jurisdiction under the federal

diversity statute, 28 U.S.C. § 1332 (a)(1).  There being no other basis for jurisdiction, I will

dismiss, without prejudice, Plaintiff's Complaint for Declaratory Relief (Doc. No. 1) in Civ. No.

02-329  JP/WWD.

IT IS THEREFORE ORDERED that Civ. No. 02-329 JP/WWD is dismissed, without

prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE