IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOUNDATION RESERVE INSURANCE COMPANY,
a New Mexico Corporation,

        Plaintiff,

v.                                                                           Civ. No. 02-329  JP/WWD

LORETTA A. BARNES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On December 6, 2002, Plaintiff filed a Motion for Relief from Order of Dismissal and Consolidation with Cause No. CV021019 (Doc. No. 19). Plaintiff contends that relief under Fed. R. Civ. P. 60(b) is appropriate since the Court's determination that it lacked subject matter jurisdiction was based on a mistake of fact. Doc. No. 20 at 3.

### BACKGROUND

In the fall of 2001 Defendant, a Colorado resident, borrowed a car from a New Mexico resident (the "Insured"). While Defendant was driving the car in Colorado a careless driver collided with the car, causing Defendant extensive injuries.

Defendant filed a claim against the Insured's insurance policy, which was issued by Plaintiff, for no-fault benefits that Colorado law requires any insurance policy to provide. In lieu of paying the full amount of benefits required under Colorado law, on March 22, 2002 Plaintiff filed this action in the District of New Mexico seeking a declaratory judgment that its insurance policy, issued to a New Mexico resident to cover a car garaged in New Mexico, should be governed by New Mexico substantive law, which does not provide no-fault benefits. Defendant

responded to Plaintiff's complaint by filing a Motion to Dismiss Pursuant to F.R.C.P. 12(B) (Doc. No. 7).

On July 9, 2002 a hearing was held on Defendant's Motion. During that hearing Defendant argued that Plaintiff had failed to allege that Defendant, who was a resident of Colorado, had ever been to New Mexico. Defendant contended that without some evidence of Defendant's minimum contacts with New Mexico the Court lacked in personam jurisdiction under *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). To resolve the question of personal jurisdiction the Court ordered supplemental briefing on a single question: could the Court exercise personal jurisdiction over Defendant if she "came to New Mexico to obtain the car." Tr. at 14.

On July 16, 2002, Plaintiff submitted a letter brief addressing that issue in particular and Defendant's contacts with New Mexico in general. Plaintiff's discussion of Defendant's general contacts with New Mexico was supported by an affidavit that asserted the following facts:

(a) At the time of Defendant's motor vehicle accident of January 24, 2002, and which accident is the subject of this lawsuit, Defendant was the Insured's girlfriend.
(b) On March 1, 2002, Defendant and the Insured were married.
(c) Following their marriage, Defendant and Insured lived in Bloomfield, New Mexico.
(d) Presently, the Insured and Defendant have separated.
(e) In June 2002, Defendant obtained a New Mexico driver's license.
(f) On the application required to be submitted to obtain a New Mexico driver's license, Defendant listed her residence as: 28 Rd. 5224, Bloomfield New Mexico 87413.
(g) Further, at some time, Defendant had a motor vehicle registered in the State of New Mexico

Irene Magallanez's Affidavit dated July 16, 2002. From these facts the Court concluded that as of March 22, 2002 Defendant was a citizen of New Mexico as that term is defined by *Crowley v.*

*Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("To effect a change in domicile, two things are indispensable:  First, residence in a new domicile, and second, the intention to remain there indefinitely."  A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile.").  Doc. No. 16 (filed July 23, 2002).

Plaintiff now argues that Defendant did not reside in New Mexico during March of 2002.  According to Plaintiff, Defendant answered interrogatories in October of 2002 which show that Plaintiff was a resident of Colorado on March 22, 2002 the day that Plaintiff filed its law suit.

**ANALYSIS**[1]

After the hearing on Defendant's Motion to Dismiss the Court asked the parties to brief a limited issue:  whether personal jurisdiction could be exercised over Defendant if she "came to New Mexico to obtain the car."  Tr. at 14.  The Court framed the question narrowly to avoid expensive deposition discovery that Plaintiff had requested.  Despite the Court's admonition to "just focus on the minimum contacts issue, whether [Defendant] took possession of [the car] in New Mexico as opposed to in Colorado," Tr. at 15, Plaintiff chose to expand the scope of its submission to the Court and addressed Defendant's overall contacts with New Mexico.

Defendant contends that Plaintiff's decision to address Defendant's general contacts with New Mexico in its letter brief was a tactical litigation decision.  The Court agrees.  Plaintiff's representations to the Court that Defendant lived in New Mexico after March 1, 2002 were an attempt to alleviate uncertainty surrounding the issue of personal jurisdiction.  Plaintiff cannot complain now because the Court took Plaintiff's factual representations at face value.  "[A] party

---

[1] The Court notes that Plaintiff has not indicated precisely which subpart of Fed. R. Civ. P. 60(b) applies to Plaintiff's Motion for Relief.

who takes deliberate action with negative consequences will not be relieved of the consequences by Rule 60(b)(1) when it subsequently develops that the choice was unfortunate." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (internal punctuation omitted). Nevertheless there are additional reasons why the Court should deny Plaintiff's Motion.

Plaintiff does not argue that based on the facts presented by Plaintiff last July the Court's ruling was incorrect. Instead Plaintiff argues that newly discovered evidence has proven the Court's conclusion about Defendant's citizenship on March 22, 2002 to be wrong. Plaintiff concedes that "it, like the Court, was unaware that Defendant Barnes had continued to live in Colorado for two months after she married [Plaintiff's] Insured." Doc. No. 21 at 4.

However Plaintiff's reply brief suggests that Plaintiff had reason to suspect, or at least reasonably should have suspected, that Defendant did not live in New Mexico after she married Plaintiff's Insured. Attached to Plaintiff's reply brief is a letter from Defendant's attorney to Plaintiff's attorney requesting that Plaintiff pay Defendant her no-fault benefits as provided by Colorado law. This letter, dated March 8, 2002, asks Plaintiff to "submit this benefit directly to [Defendant] as soon as possible at her address of 23 Twin Pines Lane, Durango CO 81301." Doc. No. 21, Ex. A at 1. This letter shows that Plaintiff and Plaintiff's attorney should have been on notice that Irene Magellanez's sworn statement that "Defendant and Insured lived in Bloomfield, New Mexico" following their marriage on March 1, 2002 was incorrect.

Even though Plaintiff had conflicting information about whether Defendant lived in Colorado as of March 8, 2002, Plaintiff did not question the Court's ruling that Defendant lived in New Mexico after March 1, 2002. It is settled law that Fed. R. Civ. P. 60(b)(1) "is not available to allow a party merely to reargue an issue previously addressed by the court when the

4

reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. Rather, those kinds of arguments must be addressed within the context of a Rule 59 motion." *Cashner*, 98 F.3d at 577 (internal citation omitted). Since Plaintiff had information that undermined the Court's conclusion that Defendant was a New Mexico citizen on March 22, 2002, Rule 60(b) does not provide Plaintiff a safe haven to relitigate the issue. *Cashner*, 98 F.3d at 577 (observing that Rule 60(b)(1) motions are for "litigation mistakes that a party could not have protected against"). Plaintiff lost the right to challenge the Court's order of July 23, 2002, when it failed to file a motion under Fed. R. Civ. P. 59(e).

To the extent Plaintiff argues that it is the Court (and not Plaintiff) that made a mistake, Plaintiff needed to file its Rule 60(b) motion "within the time frame required for the filling of a notice of appeal." *Cashner*, 98 F.3d at 578. Yet Plaintiff contends that this rule should not apply. According to Plaintiff, since the Court dismissed Plaintiff's Complaint without prejudice the July 23, 2002 order was not appealable. Doc. No. 21 at 3. Plaintiff is mistaken. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. The critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court *under the present circumstances*." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (emphasis added) (internal citation and punctuation omitted); *e.g. Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). Under the circumstances present when the Court entered its order on July 23, 2002, Plaintiff's cause of action had been "effectively excluded from federal court." Hence the Court's order of dismissal

5

was a final appealable order. Because Plaintiff's Motion for Relief under Rule 60(b) was not filed within thirty days of the Court's order filed on July 23, 2002, it is untimely under *Cashner*.

Plaintiff cannot fault the Court for *sua sponte* addressing the issue of subject matter jurisdiction. This Court has an independent duty to respect "the limited subject matter jurisdiction granted to the federal courts by Congress." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1181 (10th Cir. 2000).

Since the Court will deny Plaintiff's Motion for Relief under Fed. R. Civ. P. 60(b), the issue of consolidating this case with Civ. No. 02-1019 MV/LFG - ACE is moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Order of Dismissal and Consolidation with Cause No. Civ-021019 (Doc. No. 19) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE